UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL JAMES ROBBINS, SR., <br><br>　　　　Plaintiff, <br><br>　vs. <br><br>FISHER, et al., <br><br>　　　　Defendants. | 1:21-cv-01642-GSA-PC <br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE** <br><br>　**AND** <br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND** <br>**(ECF No. 1.)** <br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

　　　Earl James Robbins, Sr.("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 12, 2021.  (ECF No. 1.)  The Complaint is now before the court for screening.  28 U.S.C. § 1915A.

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue in the Complaint allegedly occurred at Valley State Prison in Chowchilla, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff names as defendants Raythel Fisher, Jr. (Warden), A. Medellin (Senior Accounting Supervisor), Howard E. Moseley (CDCR Associate Director), and M. McVay (Chief Deputy Warden) (collectively, "Defendants").

Plaintiff's allegations follow:

Plaintiff alleges that CDCR Staff used forgery to steal Plaintiff's economic impact payments (E.I.P.) from his trust account. Defendant A. Medellin, Senior Accounting Supervisor, caused forgery of E.I.P. checks for $1,200.00 on January 5, 2021, and $1,400.00 on June 10, 2021. Checks were sent by U.S. Mail to Plaintiff . The record clearly reflects that Plaintiff informed staff, including defendant Warden Fisher, that he did not owe the funds on his discharged prison number, which became a misdemeanor (Orange County California Case # 96CF3516 with $0.00 balance on December 21, 2015 for the case). On April 2, 2021 Plaintiff was transferred from Valley State Prison to Corcoran State Prison. Defendants continued cashing checks and stealing funds, depositing whatever amounts they desired. Inmate statements show proof. Defendants Fisher and Moseley have gone along with these thefts and the bullying of Plaintiff (seen in recorded grievance #86577 by defendant McVay, C.D.W. dated April 1, 2021). Valley State Prison staff records verify these funds were stolen, and then, to confuse the issues, chose not to mail Plaintiff's appeal forms back, but placed different appeal numbers as follows: #86577, 117923, 118096, 147793, in an attempt to justify the theft of federal funds. Also recorded is a California Government claim, which has not been responded to in the forty-five days allocated for due process, causing Plaintiff to seek relief in this U.S. District Court at a cost of $350.00 to file this § 1983 action. Staff as well stole the $600.00 debit card. Plaintiff is no longer at Valley State Prison, but they continue to cash checks and steal Plaintiff's funds.

As relief, Plaintiff requests to be financially compensated for the theft and mental anguish by the actions of stealing his funds after being informed he did not owe the fines in a discharged case returned to court years after discharged on Proposition 47 made misdemeanor. Plaintiff requests that every aspect of the case be forever removed from the CDCR's record. Plaintiff owes two federal filing fees that must be paid, and Plaintiff cannot pay them due to the thefts. Plaintiff requests that Defendants pay the federal filing fees, the cost of this filing fee/court cost, and the current fines showing for his conviction. Plaintiff also seeks funds to hire counsel to assist his defense for his illegal life term.

**IV.     ECONOMIC IMPACT PAYMENT (EIP) – CARES ACT**

The economic impact payment provided for under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a tax credit allowed for the first taxable year beginning in 2020.  26 U.S.C. § 6428.  Martin v. Jefferson Cty. Dep't of Human Res., Case No. 2:21-cv-175 (S.D. Ohio 2021), 2021 U.S. Dist. LEXIS 123001, 2021 WL 2700333 *1.

## V.    PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be

established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.     **Improper Prison Grievance Procedure**

Some of Plaintiff's allegations pertain to the review and handling of Plaintiff's inmate appeals. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

///

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, Plaintiff's allegations that any of the Defendants failed to properly process his prison appeals fail to state a cognizable claim under § 1983.

### B. Procedural Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Wolff, 418 U.S. at 556. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, a plaintiff has no due process claim based on the defendants' unauthorized deprivation of his personal property—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

Procedural due process is therefore satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533.  Here, Plaintiff has an adequate post-deprivation remedy available under California law. Accordingly, Plaintiff fails to state a cognizable procedural due process claim for the alleged deprivation of his EIP funds.

### C. Substantive Due Process

Plaintiff also fails to state a claim for violation of his substantive due process rights under the Fourteenth Amendment.  "Substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicit in the concept of ordered liberty." Donahoe v. Arpaio , 869 F.Supp.2d 1020, 1072 (D. Arizona 2012) (quoting Corales v. Bennett, 567 F.3d 554, 568 (9th Cir. 2009) (internal citations and quotation marks omitted). "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Id. (quoting Albright v. Oliver, 510 U.S. 266, 272, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (noting "claim to be free from prosecution except on the basis of probable cause is markedly different" from interests protected by substantive due process)).  To state a claim for a substantive due process violation, Plaintiff must show that a challenged state action either "shocks the conscience" or arbitrarily deprives him of a fundamental right.  United States v. Salerno, 481 U.S. 739, 746 (1987).

In reviewing the Complaint, the court finds that Plaintiff has not identified a single fundamental right implicated by the actions of the defendants,  nor any action that "shocks the conscience."  Plaintiff's claims here do not implicate any substantive due process right to the extent that it would support an independent claim for relief.  See, e.g., Corales, 567 F.3d at 569-70.) (even if vice-principal lectured students regarding legal actions, called the students "dumb, dumb, and dumber," told them they would have to pay a $250 fine, that he was going to involve the police, and that they would go to juvenile hall, vice-principal's conduct did not constitute a "true threat" or show conduct egregious enough to shock the conscience.)) Accordingly, Plaintiff fails to state a claim for substantive due process.

///

## VI. ORDER, CONCLUSION, AND RECOMMENDATIONS

### Order

**IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case.

**AND**

### Conclusion and Recommendations

For the reasons set forth above, the court finds that Plaintiff's Complaint fails to state any claim and must be dismissed. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." "Dismissal without leave to amend is improper unless it is 'clear' that 'the complaint could not be saved by any amendment.'" Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001)). However, here, the court is persuaded that Plaintiff is unable to allege any additional facts, based upon the circumstances he challenges, that would state a cognizable claim under § 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies in Plaintiff's claims outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint, filed on November 12, 2021, be dismissed for failure to state a claim under § 1983, without leave to amend; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **January 6, 2022**                  **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE